[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marion D. Hall, by writ, summons and complaint, dated August 8, 1991, brought this action to clear title, naming, as defendants, Shirley and Henry Dobrinski.
After a full trial, the plaintiff present and represented by counsel, the defendants present but appearing pro CT Page 4710 se, the court based on a preponderance of the credible, relevant and legally admissible evidence finds the facts, concludes and rules as follows.
The plaintiff brings this action in two counts. The first alleges ownership in fee simple to certain real estate, as is more fully described in the complaint, against which the defendant claims an interest adverse to the interest of the plaintiff. The second count in the alternative alleges ownership in the plaintiff by adverse possession.
The plaintiff submitted evidence by way of testimony, deeds and surveys indicating the claims of both parties as to the location of the boundary lines between the property of the plaintiff and the defendant.
The court expressly finds that the plaintiff, through a chain of title supported by deeds, a survey and credible testimony is the owner in fee simple of the real estate described in the complaint and, further, that she holds such title free and clear of all claims of the defendants.
Accordingly, judgment may enter for the plaintiff, on count one of her complaint, that she is the owner in fee simple, free and clear of all claims of the defendants, of the real estate, subject to this action, which is bounded and described as follows:
All that certain piece or parcel of land, together with the improvements located thereon, located on the westerly side of Meadow Woods Road in the Town of Essex, County of Middlesex, State of Connecticut, shown as Land of Marion D. Hall Area = 10,541 S.F. or .24 Ac. on a certain map entitled survey map "Property of Marion D. Hall and Westerly Property Line of Charles F. Hall Meadow Woods Road Essex, Connecticut Scale: 1" = 20' Date July 10, 1990 Revised June 4, 1991 David L. Stein Land Surveyor Westbrook, Connecticut" and more particularly bounded and described as follows:
Beginning at a point on said Meadow Woods Road marked by a SNET pole (#535); thence running along land now or formerly of Henry Dobrinski and Shirley Dobrinski the following courses and distances: South 85 Degrees 35 minutes 57 seconds West 0.17 feet; South 83 degrees 35 minutes 57 seconds West 20.41 feet; North 80 degrees 15 minutes 23 seconds West CT Page 4711 18.49 feet; North 46 degrees 46 minutes 42 seconds West 24.96 feet; North 63 degrees 26 minutes 35 seconds West 16.29 feet; North 56 degrees 43 minutes 57 seconds West 11.09 feet; North 63 degrees 32 minutes 52 seconds West 18.37 feet; North 02 degrees 46 minutes 20 seconds West 23.27 feet; North 22 degrees 20 minutes 16 seconds West 5.04 feet; North 39 degrees 06 minutes 37 seconds West 8.83 feet; North 26 degrees 19 minutes 28 seconds West 15.25 feet; North 65 degrees 20 minutes 12 seconds West 8.02 feet; North 71 degrees 39 minutes 26 seconds West 10.10 feet; South 88 degrees 10 minutes 37 seconds West 8.91 feet; North 3 degrees 15 minutes 27 seconds East 22.34 feet; hence running North 85 degrees 18 minutes 21 seconds East 109.82 feet along land of Charles F. Hall; thence running along Meadow Woods Road South 14 degrees 32 minutes 15 seconds East 100.21 feet to a point thence running South 04 degrees 53 minutes 39 seconds East 28.53 feet to the point or place of beginning.
The plaintiff, because she holds the property under a claim of right, cannot prevail on the second count of her complaint. Therefore, judgment is entered for the defendants on the second count of the plaintiff's complaint.
No costs are assessed to either party.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision. /s/ Michael Kokoszka Michael Kokoszka, Chief Clerk